IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS,             ) | |
|                             ) | |
|     Plaintiff,      ) | |
|                             ) | |
| v.                          ) | CIVIL ACTION NO. 1:20-CV-407-RAH |
|                             ) | (WO) |
|                             ) | |
| DONALD VALENZA – SHERIFF, et al.,  ) | |
|                             ) | |
|     Defendants.     ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending on a complaint filed by Raymond Mathis, an inmate confined at the Houston County Jail and frequent litigant in this court. In the instant complaint, Mathis alleges the defendants deprived him of the right to practice his religion. Doc. 1 at 2–3.

The defendants filed a special report supported by relevant evidentiary materials, including sworn declarations and other documents, in which they address the claim presented by Mathis. *See* Doc. 20, Docs. 20-1 through 20-7. In these documents, the defendants adamantly deny any violation of Mathis' constitutional rights. Specifically, the defendants maintain Mathis failed to properly exhaust his administrative remedies, Doc. 20-4 at 2–3, Doc. 20-5 at 2–3, Doc. 20-6 at 2–3, Doc. 20-7 at 2–3, & Doc. 23 at 2–3, and further argue they afforded Mathis the opportunity to participate in Ramadan to whatever

extent he chose, i.e., engage in Ramadan prayer time and, per his request, abstention from participation in Ramadan meal fasting. Doc. 20-3 at 2.

Upon review of the defendants' report and supporting evidentiary materials, the undersigned entered an order directing Mathis to file a response to these documents. Doc. 21. The order advised Mathis that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 21 at 2 (emphasis in original). Additionally, the order "**specifically cautioned [Mathis] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 21 at 2 (emphasis in original). The time allotted Mathis to file a response in compliance with this order expired on February 22, 2021. Doc. 27. Mathis failed to file a response within the allotted time, and the court therefore entered an order requiring that on or before March 24, 2021, Mathis show cause for this failure and file the requisite response. Doc. 28. As of the present date, Mathis has failed to file a response in opposition to the defendants' report as ordered by the court. In light of this failure, the undersigned finds the instant case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear dismissal of this case is the proper course of action. Specifically, Mathis is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would

be ineffectual.  Additionally, his inaction in the face of the defendants' report and this court's orders suggests a loss of interest in the continued prosecution of this case.  Finally, it likewise appears that any additional effort by this court to secure Mathis' compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the abandonment of this case by Mathis, as evidenced by his repeated failure to comply with orders entered herein, warrants dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 5, 2021** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the

Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of April 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE